IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT S. HILLARD, | ) | 8:09CV183 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PAUL W. KORSLUND, and | ) | |
| ROSANNA M. WIEGERT, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on June 1, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on June 1, 2009, against Jefferson County District Court Judge Paul W. Korslund and Jefferson County District Court Clerk Rosanna M. Wiegert. (Filing No. 1 at CM/ECF p. 1.) Both Defendants are sued in their official capacity only. (*Id*.) Plaintiff is currently confined at the Tecumseh State Correctional Institution in Tecumseh, Nebraska. (*Id*.)

Plaintiff alleges several claims against Defendants that relate to two separate cases in the Jefferson County District Court, case numbers "CR 07-3 and CI 09-57." (*Id*. at CM/ECF p. 2.) Condensed and summarized, Plaintiff alleges that Defendant Korslund imposed excessive bail, failed to provide Plaintiff with competency medications, failed to take judicial notice of laws, failed to appoint counsel, and failed to recuse himself in "Case No. CR 07-3." (*Id*. at CM/ECF pp. 6-9.) Separately, Plaintiff alleges Defendant Wiegert "hindered" his ability to "redress . . . his claims"

in "Case No. CI 09-57" because she failed to file his notice of appeal and send him court orders in a timely manner and refused to speak with him or answer questions about his case. (*Id.* at CM/ECF pp. 6-9.)

Plaintiff asks the court to enter an preliminary injunction that directs Defendant Korslund to grant "a belated appeal" in both cases "or in the alternative [to] recuse him[self] from all cases involving plaintiff." (*Id.* at CM/ECF p. 10.) Plaintiff also asks the court to enter an order directing Defendant "Wiegert to send all orders [by] certified mail and to allow plaintiff to call to check the status" of his cases. (*Id.*) Further, Plaintiff seeks monetary compensation in the form of compensatory and punitive damages. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro

se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

**A.  Plaintiff's Claims Against Korslund**

*1.  Monetary Relief*

Judicial Defendants are absolutely immune from damage suits arising from actions in their judicial capacity, whether or not erroneous, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.*

Plaintiff's Complaint indicates that Korslund's actions were taken in his judicial capacity during judicial proceedings. (Filing No. 1 at CM/ECF p. 2-10.) Accordingly, Korslund is absolutely immune from Plaintiff's claims for monetary damages.

  *2. Injunctive Relief*

 In the past, absolute judicial immunity did not extend to suits requesting declaratory and prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984). However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), which amended section 1983 and abrogated the Supreme Court's limitation on judicial immunity. *See* Federal Courts Improvement Act of 1996 § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996); *see also VanHorn v. Nebraska State Racing Com'n*, Nos. 4:03CV3336, 4:03CV3378, 2006 WL 3408055, at *1, n.2 (D. Neb. October 16, 2006) (recognizing that the FCIA abrogated the Supreme Court's holding in *Pullium* that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity"). As amended, section 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

 Here, Plaintiff alleges claims against Korslund in his judicial capacity only.[1] (Filing No. 1 at CM/ECF p. 1.) However, Plaintiff does not allege that Korslund violated a declaratory decree or that declaratory relief was unavailable. Thus, Plaintiff's claims for injunctive relief against Korslund are also precluded.[2] *See, e.g.,*

---

[1]Plaintiff alleges claims against Korslund in his official capacity only. (Filing No. 1 at CM/ECF p. 1.) Because Korslund is a Jefferson County District Court Judge, the court liberally construes "official capacity" to mean judicial capacity.

[2]It is unclear from Plaintiff's Complaint whether he is challenging a conviction in Case Number CR 07-3. To the extent that Plaintiff is challenging a conviction, he should do so in a habeas corpus or similar proceeding. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner,

*Montero v. Travis*, 171 F. 3d 757, 761 (2d Cir. 1999) (holding relief against a state parole commissioner, a quasi-judicial official, is precluded if a plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief).

### B.     Plaintiff's Claims Against Wiegert

#### 1.     *Absolute Quasi-Judicial Immunity*

Like judges, court clerks are similarly entitled to absolute immunity. This type of immunity is called "absolute quasi-judicial immunity." *See Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997) (quoting *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)). However, court clerks are only entitled to absolute quasi-judicial immunity for acts that may be seen as discretionary, or for acts taken at the direction of a judge or according to court rule. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (concluding that when judicial immunity is extended to officials other than judges, it is because they also exercise discretionary judgment as part of their function); *c.f. McCullough v. Horton*, 69 F.3d 918, 919 (8th Cir. 1995) (per curiam) (holding court clerk's failure to provide transcript as ordered by court was not clearly a discretionary act entitling clerk to immunity).

Here, Plaintiff alleges that Wiegert "hindered" his ability to "redress . . . his claims" in "Case No. CI 09-57" because she failed to file his notice of appeal and send him court orders in a timely manner and refused to speak with him or answer questions about his case. (Filing No. 1 at CM/ECF pp. 6-9.) When viewed in a light most favorable to Plaintiff, Wiegert's acts are arguably ministerial, not discretionary.

---

the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Moreover, Plaintiff did not allege that Wiegert was acting pursuant to court rules or instructions. Therefore, the court cannot conclude, at this stage of the proceedings, that Wiegert is absolutely immune. Because the court cannot conclude that Wiegert is absolutely immune, it will explore Plaintiff's claims against Wiegert in turn.

### 2.   *Access to Courts Claim*

First, the court liberally construes Plaintiff's Complaint to allege that Wiegert denied Plaintiff access to the courts. To state a claim for denial of access to the courts, a plaintiff must allege that the defendant(s) hindered his efforts to pursue a non-frivolous legal claim and that the plaintiff suffered some actual concrete injury as a result. *Lewis v. Casey*, 518 U.S. 343, 350-54 (1996).

As discussed above, Wiegert allegedly "hindered" Plaintiff's ability to "redress . . . his claims" in "Case No. CI 09-57" because she failed to file his notice of appeal and send him court orders in a timely manner. (Filing No. 1 at CM/ECF pp. 6-9.) She also refused to speak with him or answer questions about his case. (*Id*.) However, these allegations do not set forth enough facts to satisfy the *Lewis* requirements. In particular, Plaintiff failed to allege sufficient facts to suggest that he was pursuing a non-frivolous action. Plaintiff merely refers to his "Case No. CI 09-57" as a "petition for immunity" and fails to identify any underlying non-frivolous claims. (Filing No. 1 at CM/ECF p.p. 6-9.) Without more, Plaintiff's allegations do not "nudge" his access to courts claim across the line from conceivable to plausible. *See Bell Atlantic Corp.*, 127 S. Ct. at 1974. However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to clearly state an access to courts claim upon which relief can be granted. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. In the absence of the filing of an amended complaint in accordance with this Memorandum and Order, Plaintiff's access to courts claim will

be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### 3. *Equal Protection*

Second, the court liberally construes Plaintiff's Complaint to allege an equal protection claim against Wiegert. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike, a protection that applies to prison inmates. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004). In order to establish an equal protection claim, a prisoner must show that he was treated differently from similarly-situated inmates and that the different treatment was based upon either a suspect classification or a fundamental right. *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006); *Weiler v. Purkett*, 137 F.3d 1047, 1052 (8th Cir. 1998).

Here, Plaintiff does not allege that Wiegert treated him differently than similarly situated inmates. (Filing No. 1.) Accordingly, Plaintiff has failed to allege an equal protection claim against Wiegert. However, as with Plaintiff's access to courts claim, the court will permit Plaintiff 30 days in which to amend his Complaint to clearly state an equal protection claim against Wiegert upon which relief can be granted. Again, any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. In the absence of the filing of an amended complaint in accordance with this Memorandum and Order, Plaintiff's equal protection claims will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendant Korslund are dismissed.

2.      Plaintiff shall have until **September 23, 2009**, to amend his Complaint to clearly state an a claim upon which relief may be granted against Defendant Weigert, in accordance with this Memorandum and Order.  If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant Weigert will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted.

3.      In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations.  Failure to consolidate all claims into one document will result in the abandonment of claims.

4.      The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: **September 23, 2009**: check for amended complaint and dismiss if none filed.

5.      Plaintiff shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

August 25, 2009.                            BY THE COURT:

                                            s/ Joseph F. Bataillon
                                            Chief United States District Judge


*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.