IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT S. HILLARD, | ) | 8:09CV183 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PAUL W. KORSLUND, and | ) | |
| ROSANNA M. WIEGERT, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On August 24, 2009, the court conducted an initial review of Plaintiff's Complaint which alleged claims against Paul W. Korslund and Rosanna M. Wiegert. (Filing No. 1.) The court dismissed Plaintiff's claims against Korslund and found that Plaintiff's allegations against Wiegert failed to state a claim upon which relief may be granted. (Filing No. 9.) However, the court permitted Plaintiff the opportunity to amend his claims against Wiegert. The court now conducts a review of the Amended Complaint to determine whether Plaintiff has stated a claim against Wiegert.

I. **PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff filed an Amended Complaint on October 21, 2009, against Korslund and nine new Defendants, including the Nebraska Department of Correctional Services. (Filing No. 11.) Plaintiff does not name Wiegert as a Defendant in the Amended Complaint's caption. (*Id*. at CM/ECF p. 1.) However, Plaintiff clarifies his claims against Korslund and alleges new claims. (*Id*. at CM/ECF pp. 1-27.)

Condensed and summarized, Plaintiff alleges that, due to Defendants' actions,[1] he was forced stand trial for a "non-jailable offense" even though he was incompetent. (*Id*. at CM/ECF pp. 4-26.) As a result, Plaintiff was wrongfully "sentenced to a term of 40 months to 10 years." (*Id*. at CM/ECF p. 10.) Plaintiff seeks monetary damages for physical and mental suffering, the value of his earnings "if he had not been . . . erroneously convicted," and reasonable attorneys fees. (*Id*. at CM/ECF p. 23.) Plaintiff also seeks other relief as the court deems appropriate. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] In Plaintiff's Amended Complaint, he alleges his claims "[g]enerally . . . have to do with . . . deficient . . . attorney representation, . . . wrongful arrest of a protected disabled adult,. . . routine violations of civil rights[,] . . . [and] cover-up activities." (Filing No. 11 at CM/ECF p. 4.)

2

liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Here, Plaintiff's claims relate entirely to his conviction and current confinement. (Filing No. 11 at CM/ECF pp. 1-27.) In fact, Plaintiff specifically seeks relief because Defendants "forced [him] to go to trial" even though he was not competent to stand trial. (*Id*. at CM/ECF p. 23.) In short, Plaintiff's allegations necessarily implicate the validity of his conviction and current confinement. As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's Amended Complaint without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Amended Complaint (filing no. 11) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

December 14, 2009.　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　s/ Joseph F. Bataillon
　　　　　　　　　　　　　　　　　　Chief United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.